We'll hear argument next in Case 21-908, Bartenwerfer v. Buckley. Ms. Harris. Mr. Chief Justice, and may it please the Court, Bankruptcy law gives honest but unfortunate debtors a fresh start by extinguishing all their debts. Exceptions are narrow, must be clearly expressed, and reflect debtors' intentional wrongs, not someone else's. 523A2A thus bars dishonest debtors from discharging liabilities incurred on account of their fraud. The Code does not bar unwitting debtors, like Petitioner, from discharging debts for others' fraud. That conclusion follows from the text. Section 523 specifies when the individual debtor, as distinct from others, cannot discharge debts. 523A2A's reference to actual fraud targets the debtor's misconduct by requiring fraudulent intent, just as other torch-based exceptions target the debtor's fault. Since Neal v. Clark, even debtors who themselves commit constructive fraud can discharge those debts because they lack fraudulent intent, Congress did not irrationally bar debtors who committed no fraud themselves from discharging debts for others' fraud. Respondents in the government argue that anyone's fraud counts, so long as the debtor winds up with a fraud-related debt. But A2A's use of the passive voice does not reflect indifference to who committed fraud with culpable intent, nor does string, which arose under the repealed 1867 Act, control today's Code. And while state laws impose vicarious liability for partners' acts, bankruptcy discharge applies different federal law rules to individual debtors because the point of bankruptcy is to eliminate liability. Bankruptcy is the last place to read in vicarious liability, yet Respondents' sweeping theory could apply throughout the Code to deny discharge based on others' wrongdoing. That financial death sentence would fall mostly on unsophisticated spouses who do not realize routine transactions in marriage, like selling homes, create business partnerships in the eyes of the law. Dishonest debtors cannot escape their creditors, but the Court does not consign unwitting debtors to the same fate. I welcome the Court's questions. Ms. Harris, the 523 A2A does not focus on the debtor, at least textually. It focuses on the debt. And it is in the passive voice, but it's talking about money or debt that's obtained by fraud. How do you convert that into a statute that is focusing on the debtor? A few textual indications. First of all, the individual debtor runs throughout 523. It is the only identified actor who is the subject of the whole series of exceptions. And the individual debtor is the relevant actor, only relevant actor, in a lot of the other provisions. And second, we know that fraud, the term actual fraud, it's not just Congress using the passive voice. Congress is requiring fraudulent intent. And this Court has recognized in cases like Dean and Wilson, when Congress is using the passive voice without intent requirements, that's when you're more likely to think Congress is indifferent to who's doing something. But when Congress requires culpability, that is very good evidence that Congress actually cares quite a bit about who is performing the misconduct. And Bullock confirmed that, because in that case, the Court was confronting whether defalcation requires intent. And the Court said that the A4 exception for defalcation, along with the A2A exception for fraud, the A6 exception for willful and malicious injury to property. I could go on. There's a couple of other tort-related things. I understand that, but doesn't it work against you that some of these provisions that you're referring to actually speak in terms of the debtor and refer specifically to the debtor? And if it does refer to the debtor in those provisions, doesn't that argue against including or treating this provision the exact same way that it does not refer to the debtor? Not given the nature of the bankruptcy code. And if you look at the way that Congress is using the word the debtor or not using the debtor, it's very similar to what happened in Hartford Underwriters with respect to using the word trustee, only trustee, or not trustee at all. The individual debtor is the star throughout. And just to give a couple of examples of exactly how arbitrary Congress was in using the debtor or not the debtor, take the contrast between 507A10 and 523A9. Those are two provisions that deal with the exact same type of debt. The debt is for someone who's engaged in drunk driving, kills someone. The debtor is operating the motor vehicle. The first one does not mention the debtor. The second one mentions the debtor. And to the idea that Congress attached talismanic significance to mention the debtor just doesn't seem to withstand scrutiny. Now, another example is just the history of how the bankruptcy code has been amended. So if you look at A4, for 70 years it referred to his defalcation, meaning unambiguously the debtor's. But then in 1978, his disappeared. So if you think that there is a huge significance for whether the debtor is referred to or not, that would have been a sea change, but no one noticed it. Or if you take A6, converse problem, you have a provision that did not mention the debtor until 1978, added the words the debtor, and again, no one seemed to notice that there was apparently a massive change in meaning. And that underscores what you seem to be saying, Ms. Harris, that Congress is just careless when it writes this statute. And that may be true. There are some statutes where Congress is careless. But here we are. We have a text. The text, it seems to me, cuts against you in terms of, you know, it's the individual debtor that has the debt. But after that, it's for money obtained by false pretenses and fraud, anyone's false pretenses and fraud. And, you know, unless you have something very significant that goes against that language that says, look, realize that Congress was careless in the language that it chose. So put that text aside because I have something big that suggests what Congress's real choice was. What is that big thing that you have? So I think two big things. One of which is the requirement of culpability makes it significantly less likely that Congress is just going to yoke in anyone's debt, especially in a statute that is about discharging liabilities. And second of all is that Congress, when it was indifferent to how the debtor was saddled with a particular debt and wanted to say we're just going to have the bankruptcy court defer to a state or federal judgment for a particular type of thing, Congress did so in other provisions by using the word judgment, which does have significance. It says I don't care, you know, whether you committed misconduct, the bankruptcy court does not have to get into whether you possess fraudulent intent. We are instead going to look in provisions like A13 for restitution. Just do you have an order of restitution and a debt arising from that? Even assuming that we agree about your reading that it has to be the debtor's fraud, I don't understand how you get away from principles of vicarious liability. And I'm not just relying on Strang, I'm relying on Field v. Manns, which suggested and in fact I think held that fraud in the bankruptcy code is defined by common law principles. And we do have in the common law this notion that people are held responsible for the fraud of agents. So are you saying that principle doesn't apply here or that your client's husband was not an agent? How do we get out of vicarious liability? Well, a few responses, and the first of which is if you look at Meyer v. Hawley, which is the main case that Respondent is relying on, the notion that you port in vicarious liability as a matter of common law is not a rule that applies willy-nilly to every federal statute. It is confined to when Congress is creating torts, and it's honestly honored more in the breach sometimes if you look at cases like Gebzer. But Field v. Mann was a bankruptcy case, and we said look at fraud based on common law principles. Correct, and what Field v. Mann said was for the substantive elements of what is in the statutory text, the word fraud, the substantive elements are defined with respect to the common law. If it were the case that whenever you mentioned the word fraud, you would have vicarious liability in any statute, Gebzer or other cases mentioning common law torts would have come out the other way. The reason why Congress is not saying that every single statute always mentions sort of a common law term in vicarious liability, especially in bankruptcy, is bankruptcy is the last place you'd expect to have that. You are extinguishing liabilities. You're not reading new ones in. So you're saying the whole principle of String is gone, the idea that vicarious liability does apply per the common law in this situation. In this situation, yes, but I would say that String in the first instance is much more limited to the context of the 1867 Act, which I think even the government is acknowledging. So String is a case that arose under the 1867 Act. The best case scenario is that it has to do with a tax fraud of the bankrupt, which Congress repealed, got rid of, didn't mention the word fraud again until 1978, did not use the terms of the bankrupt. Instead, in the 1978 Code, starts talking about the individual debtor as someone distinct from partners. And there's also a sea change in the background principles of bankruptcy by that point, which is going from the 1867 Act, a world where you have to discharge 50% of your debts at all to get to discharge, to the 1978 Code, where Congress has constantly been enacting the Code and other bankruptcy acts against the backdrop principle that exceptions to discharge are nearly confined to what is very clearly expressed. Under your theory, an individual debtor whose partner is guilty of fraud, the individual debtor may well benefit from it, since the money may well go to something, assets for the partnership. She knew about the fraud, didn't do anything about it, and yet you would say her debt can be discharged. She isn't liable at all for the results of the fraud. I would say it depends on the circumstances of whether there is a sufficient level of knowledge. She knew about it. Right, but the question would be the circumstances of in addition to knowledge, was there some sort of acquiescence, was there a duty? She knew about it and didn't do anything. Right, and so I think that still begs factual questions with respect to whether there is a duty of that person to disclose some representations to the person who is defrauded or whether there is a reckless indifference and ability to control the fraud, all of which would come under direct liability. So it's not the case that you can just sort of sit idly by and say, I know about the fraud, I have the ability to control the fraud. It's not the case what? It's not the case that person would get off the hook because that is direct liability. The thing that you don't get is vicarious liability. So in the case, it is not sufficient just to have knowledge. I'm sorry, direct liability what, under applicable state law? No, the direct liability would be the line, I think the court proved in Gebser, and I think the traditional concept in the restatement second of torts, which is when you say the debtor or another actor in a statute, who do you mean for purposes of direct liability if the statute does not include vicarious liability? And Gebser is probably the best case answering that question by saying the minimum for direct liability there for a school district is that the school district needs to be on notice of potential harassment, needs to be willfully blind even to that, and have the ability to control that from happening. So that I think is the probably minimal level for what you would have for direct liability for fraud. So it is just not the case that people are getting off scot-free for essentially acquiescing or encouraging fraud. And just to take a step back for a second, in terms of how this rule also cashes out, most people who are sophisticated enough to know that they are actually forming a partnership also know that they should form an LLC in order to avoid liability. So the people on whom this rule actually falls today are people who don't know they're forming partnerships under state law, where the bar is pretty low. Isn't that a good argument, though, for then state law to change? You're not disputing, I think, that your client was liable under state law, or for the bankruptcy code to change to create an exception for a situation like this. I don't think that's particularly helpful because we're not asking for state law liability rules to change. It is a fair rule to say that people are liable just as a normal imputation is. The problem is bankruptcy is a different set of federal rules. Sorry to interrupt. The code leaves in place, I guess would be a better word for it, the state law fraudulent determination in this situation. It doesn't displace it, at least. No, I respectfully disagree with that. So bankruptcy law is quite clear. State law defines the debt because state law defines property interests. But under cases like Brown v. Felson, state law does not define the scope of the federal discharge exceptions. And that's evident from cases like Bullock, where defecation had a very different meaning under state law. It had no intent requirement. And the court said, no, bankruptcy discharge is a federal law. The exceptions are construed pursuant to federal law. Field v. Manns also stands for that proposition. You're asking, what are the elements of the federal discharge exception? And here the question is, can you read in vicarious liability? You certainly can't read it in from state law. There's not even a state court judgment here that reflects vicarious liability. Ms. Harris, I'm sorry to interrupt you, but I just want to follow up on Justice Kavanaugh's question and take us back just a minute. I think what my colleague was getting at, and where I guess I'm at, so tip my hand here, is we do take debts as given under state law, right? That part of it is we take from state law. Yes. Okay, and there's no question here that your client had a debt under state law for money. Correct. There's a debt for money. And then the question is obtained by fraud. That's the first half of the statute we're all in agreement on. It's the back half of the statute that we disagree about, right? Yes. And then the question there is obtained by fraud. Does that necessarily mean her fraud or can it mean another's fraud? And that's a question of federal law. Well, I would just take a step back because the state court judgment that we have here was also not for fraud, and that's why there was a mini trial in the bankruptcy court for whether or not. I understand that, but that goes to the back half of the statute, not the front half of the statute. Correct. And it goes to the federal law question of what's fraud. Yes, the federal law question of is the money obtained by fraud. By fraud, yeah, that second half. Yes. Okay, all right. Thanks for clarifying that for me. Yes, and that's the clarification. So under common law, aren't you liable for the fraud of an agent or partner? Yes, that is absolutely the liability rule, but it is not the rule that necessarily gets ported into federal statutes all the time. Vicarious liability is not a universal principle that just because you see a common law term or just because even Congress creates a tort, which again, it's not doing here, you don't just read in vicarious liability across the code. So let's look at our decision in Husky. The debtor, you're saying it has to be the debtor's fraud that counts only. But in Husky, that case involved fraud by a third party, a shareholder, who fraudulently conveyed assets of the debtor company. We held that the debt was not dischargeable, even though the debtor made no misrepresentations to the creditor. The company didn't. The shareholder, an individual, did. But we viewed the company as bound by its agents. So isn't that a federal rule that we announced there on dischargeability? No, and I think... And what fraud means? Husky announced what fraud meant as a matter of common law and said fraudulent conveyance is a form of fraud. Husky did not say just because you have a corporation and an agent and the agent... Well, it did because it made that debt not dischargeable. And the debtor wasn't the one who did the fraud. It was a shareholder. Right, but for corporations, I don't think just because a corporation can only act through their agents, it means that you read by... Well, usually a shareholder is not considered an agent of the corporation. It's officers and employees are. So we took that principle even a step further than... Respectfully, Husky does not expressly say anything with respect to amputation, and the things that it does say with respect to contrasting A2A and other provisions of the code make it very curious that if there was an amputation holding, it was not discussed. For instance, when the court is discussing the relative breadth or narrowness of A2A for fraud, A4 for deprecation, A6 for willful and malicious injury to property, and the 727 total bars of discharge... May I just finish a thought in answering questions earlier? Have you abandoned the argument that a debtor is responsible for fraud he or she knew or should have known? That is part of the argument, but it's necessary but not sufficient to our argument. So we are saying the debtor must actually have committed the fraud him or herself. That is consistent with the question... But how about if the debtor, if she knew that her husband was lying? Yes, and if you knew... Sorry, if you knew that the husband was committing fraud? Yes, if she knew that the husband was lying. Yes, and that just gets back to the colloquy with respect to, do you have other indications that would suffice to be direct liability? Why do you need more? Meaning if they were partners and the form she signed said, I didn't commit any fraud, she signed a statement to the bank that said, I'm making all true statements. Not saying my husband is, but I'm making all true statements. She is not liable then? No, in that situation, you would have given me a situation where if she knows that they're not true, she's making affirmative acts. That's clearly direct fraud. She is directly liable. And in addition to that, under principles of direct liability, the debtor would also be liable for encouraging fraud, for inducing fraud. If you have fraudulent intent, the next question is, what is the minimum amount of direct involvement to complete the element of fraud? Thank you, Chris. I guess going back to the conversation we were having before, when I said, well, why is it that we should essentially insert the words, the debtor's own fraud, as opposed to obtained by fraud that was committed by anyone at all? And you said to me, the bankruptcy law would have a higher culpability standard. And I guess I just don't understand why that's necessarily so. You have, as some of these questions have made clear, a limiting principle, the limit that the state has imposed liability. You have enough involvement for the state to impose liability because you have been a member of a partnership and one of the other partners has committed fraud and you've gotten the benefits of that and you need to be stuck with the burdens as well. And why are you so sure that bankruptcy has a higher standard? And I do think that this would be reading into the text, so we need a justification for that. So I think the justification why we're not reading something into the text is, under that line of logic, this court's decision in Bullock probably should have come out the other way. Because you start from the premise in bankruptcy, of course there's a state law liability. That's the whole point. You're there because you have debts. State law, for whatever reasons, has chosen to put you on the hook. And in Bullock, there was a deflication judgment. The person had not done it with any sort of culpable intent, but was still liable for a state law debt for deflication. And this court said, for purposes of a federal bankruptcy exception, a different rule governs and it's not reading something into the statute to say culpability is required. You're just interpreting the substance of the element. And the court said deflication is really similar to fraud under H-2A. And the thread running underneath the code is that culpability is what justifies the exception from the rule that discharge exceptions, normally you get discharged. Normally you always get discharged. And for Congress to depart from that principle, you need a pretty good justification. And the court said fault is that justification for these exceptions. So it would be extremely curious for the court to say, doesn't matter if you committed constructive fraud, don't have fraudulent intent yourself, you're fine, you get discharged. But someone who has no fraudulent intent whatsoever is still on the hook based on thinking that you're reading in by serious liability or other principles into the statute. And that is what I think is contrary to the tenor of bankruptcy code in the reasoning in cases like Bullock. And there's also no stopping point, apparently, to that position. But it's not contrary to what we actually said in field. And so I'm still really confused about the suggestion that common law principles apply, or that we've said common law principles apply, but only when we're talking about the substantive element. And if you read field, it's very clear to Justice Souter opinion from 1995 that we were saying that there was no reason to doubt Congress's intent to adopt a common law understanding of the terms that it used in this very statute. Yes, that is correct. And we're looking at the terms in the statute. The terms in the statute are the word fraud. And so the court says the substantive elements are fraud. Maybe another way of showing this is by talking about Grogan v. Garner, which is a case where the court is not dealing with the elements of fraud, but what is the standard of proof for fraud? That's not covered in the text of 523A2A. And the consensus of the states was you need a clear and convincing evidence standard to show fraud. And the court said, no, we're not going to go with that. We're not going to just put in a state law standard. We're going to ask, what is the federal standard that should govern that exception? And the way the court got to the conclusion that the preponderance standard was the right one was by looking at other parts of 523A and trying to read them as a harmonious whole. So is there a point that it's not construing the terms of the statute to determine to whom it applies? That when it says obtained by fraud, to the extent that the court is trying to assess whether it's the individual debtor or their agent or anyone in the world, the court is not construing the terms of the statute? Because we say in field that when we are construing the terms of the statute, we look to the common law in this context. Right. So the position on vicarious liability, at least as I understand it should be by the other side, is it wouldn't matter if you said the debtor or not. So the question in the first instance of who's obtaining the fraud is passive voice. The question is, does it mean the debtor? Does it mean anyone? Does it mean someone else? And you look at the context of the code and the other actors to figure it out. With respect to whether there's vicarious liability, again, I take it even if you mention the debtor, the argument that's being made... The statute mentions the debtor, as you say. The statute says individual debtor, right, at the beginning of it. And so when we're trying to figure out, it says it does not discharge an individual debtor from any debt for money, et cetera, obtained by fraud. So when I'm trying to determine what individual debtor means, why can't I look at FIELD and say, okay, does individual debtor mean only that person or does it mean that person and their agent, as FIELD seems to suggest that I'm supposed to do? Well, I think FIELD would be contrary to the definitions and the usage throughout the bankruptcy code had it actually held that, because the individual debtor is defined as distinct from and juxtaposed against partners, spouses, dependents, et cetera, throughout the code in at least 21 places. And so it is in direct contrast to statutes like Title VII where the court said, hey, there's a definition of employer that includes agents. That's actually when the court would think that a tort-creating statute would create vicarious liability. May I take you back to... Did you finish that answering, Justice Jackson? Could I take you back to STRANG and inquire about your grounds for distinguishing it? You mentioned very briefly that we shouldn't be concerned about it because it was interpreting the bankruptcy law in effect in 1885, but the statute in effect there was more hostile to your position than the statute in effect here because it said by the fraud or embezzlement of the bankrupt. And then you have another argument in your brief, which is that STRANG was federal common law. I don't know whether that's true because whether a debt is dischargeable or not is a question of federal bankruptcy law. But if it was a question of federal common law under the pre-Erie regime, whether the dischargeability of a debt by one partner is dischargeable against the other partner, would we not look to what has taken the place of federal common law under Erie, which would be state law? So we would look to state liability law. So responses on STRANG first and then responses on state law. On STRANG, it is a very strange canon that you think that Congress will be ratifying the meaning of a statute by jettisoning all the pros in that statute and taking another tack. And the other important distinction is of the bankrupt gets replaced by individual debtor who is then juxtaposed against lots of other actors who are partners. Now, with respect to whether state law would then, sorry, one more point on STRANG, which is it's hard to read STRANG as some sort of lurking rule that governs the rest of the code forevermore when circuit courts about 20 years after STRANG and onwards were saying when they were interpreting pretty similar language with respect to the total bar on fraud discharge that they were not going to imply imputation in that setting. So it's hard to say that STRANG is sort of controlling onwards. Now, whether state law would take the place of STRANG, I think the answer is conclusively no for reasons we've discussed, which is that the scope of the discharge exception is a question of federal law. And it would be particularly odd to think that state law, you sort of need like a state law judgment for imputation or something or that you want to apply state law rules in bankruptcy when here you don't even, again, have that judgment for imputation. All you have here is a judgment that Kate was directly liable for a nondisclosure tort. So, no, I don't think the Federal Bankruptcy Code shifted to a world in which you look at the statutory terms just governed by sort of California law that would create a very non-uniform scheme. What you do have is a statute that is not mentioning any kind of vicarious liability that is not creating torts, that is very dissimilar for the language that Congress has used when it does import vicarious liability. And the point of it is to discharge the honest but unfortunate debtor by tracking concepts of culpability if you're going to deny someone and sort of saddle them for life with the harsh penalty of a lifelong debt. I'm not quite sure I understand your theory of STRANG and what happened afterward because I would have thought that whatever the differences in the STRANG statute, as Justice Alito said, that was a more hostile statute to your position. And afterwards, what Congress does is it amends the statute so that the text of the statute actually reflects better the STRANG holding. So shouldn't we take from that that, you know, Congress looked at the STRANG holding and basically said, oh, let's fix the statute so that we can reflect that holding quite clearly? No, for a couple of reasons. First of all, there's a lot of slicing and dicing between the 1867 Act and the 1978 Act in which the 1867 Act is repealed. Congress doesn't use the word fraud for the next, like, 70-some years in this particular part of the discharge exception. Congress is slicing and dicing, like, the different parts of the substantive elements of non-dischargeability into different parts of the code. It's a very strange canon of ratification and the opposite of what the court normally considers to be ratification if you say the statute got thrown out the window, the language is not the same, there's been a ton of amendments since then, the language is now different, but yet the point that Congress had sub silentio was somehow to ratify the holding of STRANG. And on top of that, that still doesn't explain why there were so many circuit court cases shortly after STRANG that said, we're not thinking that STRANG, you know, is interpreting, like, even when they're a similar language, they're not saying, oh, you know, it must be clear from STRANG that if you see words like fraud or the bankrupt, you have to make sure that an innocent person is on the hook for the fraud of the debtor. They said, you know, that rule doesn't work to these very similar statutory language because fraudulent intent normally means culpability. There's all the more reason to think that the 1978 code reflects that principle because the stronger canon against which it was enacted, that this court repeated time and again and Congress ratified, you know, enacted amendments to the code against, was that exceptions to discharge must be clearly expressed, and if there's any ambiguity, the tie goes to the debtor. Thank you, counsel. Justice Thomas, anything further? I have one question. I thought your petitioner and her husband had an LLC. I thought that was in the joint appendix three. That's incorrect, and a footnote in our reply brief makes clear that the testimony in bankruptcy court, which the court found key credible, was she'd never heard of the LLC. The LLC also appears to have been created after the transaction in this case. Got it. I'm glad I clarified that fact. Thank you. Justice Cameron? Just quickly, so I understand. They have two basic arguments, a STRANG argument and a state law argument. You're saying STRANG doesn't apply because the statute's changed. State law doesn't govern because this is a federal law question. On federal law, it's individual debtor is the key phrase. Is that the basics? That's the basics. I think also reading in vicarious liability as a matter of federal law wouldn't work either. Right, because we usually see statutes that specifically speak to that. Well, because the bankruptcy code is not creating a torch, and that rule is specific to creating torches, Indermayer v. Holley. Got it. Thank you. Justice Cameron? I do have one last question. Your reliance on individual debtor, what do you do with your friend's argument that that means individual as opposed to corporation? I think that defies the text of it because it's not just distinguishing between individuals and corporations. Even in 523A2 itself, there's references to the individual debtor versus spouses, dependents, other people who are definitely flesh and blood humans. Thank you, counsel. Mr. Tripp? Mr. Chief Justice, and may it please the court, the question in this case is whether the fraud exception to discharge includes an additional unwritten requirement that the debtor personally intend or know of the fraud above and beyond whatever it takes to hold her liable for the fraud in the first place. And the answer is no. The words just aren't there. And I'll start with the text. It says that the bankruptcy discharge, quote, does not discharge an individual debtor from any debt for money to the extent obtained by actual fraud. So as this court put it in Cohen v. De La Cruz, once it is established that specific money is obtained by fraud, then, quote, any debt arising therefrom is not discharged. Full stop. The text stops there. There are no more words. And I think it's undisputed that this case fits the bill. Petitioner obtained my client's money by means of an actual fraud, and she's fully liable for the fraud. It is her fraud under bedrock principles of partnership law. Second, strain. Back at a time when statute actually said that it needed to be the fraud, quote, of the bankrupt, this court held that it was the fraud of the bankrupt by relying on the same principles of partnership law that still apply today. So even if those words were added back to the statute, I think we would still win. But without them, this case should be easy. Third, novelty. Petitioner contends that the debtor must actually intend the fraud without reliance on agency law, vicarious liability, or imputation. And on that rule, the debtor could know. She could know that her partner is a fraudster, profit off the fraud, and then turn around and discharge the debt to the victim. No court has ever read the statute that way. Petitioner herself didn't read it that way until after cert was granted. And this court should not be the first. It should just read the text to mean what it says, restate what it already said in Cohen, and affirm. I welcome the court's questions. Just to satisfy my curiosity, would you include in that if a petitioner and her husband had included their infant child in the partnership or an adolescent child in the partnership, would it also be non-dischargeable as to that partner? I'm just trying to see how far you would go with your theory. So I think there are basically three pieces to the statutory test that this court stated in Cohen. There is the liability piece, right? You need to owe a debt, which is defined to mean a liability that's usually going to come from state law. The second is the fraudulent obtaining requirement. Money needs to be obtained by means of fraud. And then the third is you need to have a causal land claim. It needs to be a liability for the fraud. And I think, candidly, I'd be surprised if state law would find a partnership in that circumstance that you're describing. But I take the point, right? I'll take the hypothetical that, yes, if they're going to hold the child liable for the fraud, like actually liable for the fraud outside of bankruptcy, then yes, it would be non-dischargeable in the child's bank. But it would be the partnership, wouldn't it? It would be — for purposes of the hypothetical, I'll assume that you're imputing liability to all the members of the partnership, then yes, it would be non-dischargeable. And I think really the right way to think about this statute, actually, to pick up on one of your questions, Justice Kavanaugh, was to say that once there's been a finding that somebody is liable for fraud, then basically just the statute gets out of the way of whatever the state remedies are available to the victim in that circumstance, and it allows the victim to get compensation, basically to get restored to the position that they would have been in but for the fraud. You keep bouncing back and forth on this, and I want to understand your position clearly. Is it your position that any debt obtained by fraud is non-dischargeable, or is it your view that any debt obtained by fraud in connection with a partnership or agency relationship with the debtor is what is non-dischargeable? I'm not adding those additional points. So then let me give you the hypothetical, different than Justice Thomas'. I obtain a loan fraudulently. Later, I sell that debt to my friend, Justice Thomas, who has no idea about the fraud. Justice Thomas then struggles to pay the debt, and he files for bankruptcy. He wants to discharge the debt. Can he? Yeah, so I'll walk through, and I want to be clear that the test we're advocating... Yes, he can be liable? Can I just walk through it? I think it helps. There would not be an agency relationship, so he would not be liable on the project itself. He's not a partner, and he's not an agent. Right, he would be liable. I take the purpose of your hypothetical that he would be liable under state law, basically on the contract, because it's been transferred to him. Exactly. And then the question would be, does state law actually impose... There would be two remaining questions. One is, does state law actually impose liability on the person in that circumstance? I think the answer would be yes, as you're describing it. And then the last question would be the causal link. Is this a liability that is relief for the fraudulent obtaining of money? And I think that becomes a question under this Court's cases about the causal standard in this statute, and we're not asking to break any new ground here. So this is the easiest case. There's not a word... I understand. I gave you a hard case for a purpose. And I want to be clear. I will take this, and I think as you're describing it, probably just the way this Court has articulated the causal standard in its own cases, there's two pieces to causation. It has said arising from, resulting from, traceable to, and on account of. It's used a couple different formulations. I think that debt would satisfy that, and then the question would be, is there some kind of proximate cause check on that? And that's something this Court really hasn't explored. It has some cases, like Archer v. Warner, start to get into this, but this case is not one of them. There's not any briefing about proximate cause. I think it's not the place to get into that. But I will also say that if at the end of the road the answer is the person is liable, I think that's really just the consequence of the plain language that Congress has enacted. How come you have a good argument on the text, but there is kind of an anomaly here. You know, 2A doesn't focus on the debtor, focuses on the debt, but then B, which is about use of a statement in writing, that's materially false, focuses on the individual debtor, as does C, which is luxury items, you know, within 90 days. Do you want to address the anomaly? Yeah, sure. So, of course, B is an exception to A, and so we would usually think that it would operate differently, and the ordinary inference that we draw from the presence of references, these specific references to the role of the debtor in B and C, is that Congress cared in B and C how exactly the debtor was involved, whereas in A, the absence of that language. But why would Congress have cared? I mean, I agree with you. Look, I think the language cuts in your favor. I'm just asking you as a policy matter, why do you think Congress would have had such a harsh result in A, whereas in B, when there's actually use of writing. You know, you're not liable just on the debt. Yeah, so actually there's a good history of this in field versus man. B is a very different provision. It has a very different history and background. It used to be a complete barrier to discharge, not just an exception. You get no discharge at all, and what was happening was that banks were duping debtors into taking on credit. But I thought that history explained the materiality requirement. I didn't think that it necessarily would explain the writing requirement. I think it is essentially a debtor-specific problem where specific debtors were being duped into making false statements, and so I think it's at least plausible that Congress could have wanted to adapt, have a debtor-specific rule there. But I also want to be clear, I think as we mentioned in the brief, I think you probably would impute there, too. That's what the Fifth Circuit has held in the Osborne case that we cite in our briefs, so that when you make a false statement in writing to get a loan through your agent, you get your lawyer to make the loan for you instead of doing it yourself. I think that probably would be non-dischargeable, but I think maybe a critical point is you don't need to decide the meaning of any of the other exceptions to rule in our favor here. Ours is laser-focused on the text of this one. Counsel, with respect to the text of this one, I guess I'm trying to figure out why the way in which you're interpreting it is the most narrow way. You're encouraging us not to do more than we have to, and I understand that, but why wouldn't the text just lend itself to the kind of strang analysis of vicarious liability, where we look at 523A, and it talks about discharge of an individual debtor, and we may even accept the petitioner's view that it has to be an individual debtor who commits the fraud for the purpose of this case, and we say just that the individual debtor's liability can arise through vicarious liability, C-Straight. I don't understand why we would have to go further and say it could be anyone's fraud for the purpose of this case. I think we would be perfectly happy with that. I think as long as your opinion says affirmed or dismissed, it's probably granted as a bottom, we're good. Am I right that that's a narrow... It sort of seems like you were asking in your first statement here to do what I would consider to be the maximalist thing, saying it can be anybody's fraud, and then you said, but there's also Strang, which seemed to me to be a narrower way to do this, but maybe I'm looking at it wrong. Yeah, I mean, I think candidly we're happy with either. I think really the better reading of the text as a whole is simply actually what the court already said when it was paraphrasing the language of the test in Cohen v. de la Cruz, but I guess maybe a key sort of textual point on this is, of course, it doesn't say it needs to be the fraud of the debtor, right? That language is missing, and then as per Field v. Manns and Strang, I mean, really, even if it did, this is the fraud of the debtor, right? It all just circles back around, and so I think there are multiple layers that sort of reinforce just the plain meaning of the argument the deeper you dig into it. Except that it's not Justice Thomas' fraud. He wasn't a partner with me who committed the fraud. He didn't even know about the transaction that it was fraudulent, so why should he be held liable? So that's the advantage of Justice Jackson's approach, isn't it? Yeah, and which, of course, we're comfortable with. And somebody will have to explain to me, I'm assuming the government will, why we can add that vicarious liability or did under Slang, under whose common law, state or federal, but we'll figure that out. Well, just trying to find something you're not comfortable with. It's not clear to me that Ms. Bartenwerfer's obtained access to the funds involved through fraud, even if it's vicarious liability. She obtained access through vicarious liability, and the statute requires fraud. And I'm not sure why you jump right away to fraud, rather than the actual way in which she obtained access and incurred the debt was not by fraud. It was by vicarious liability because of the fraud of someone else. So can I take you back to the text on this? Because what it says is that what needs to happen is it needs to be for money obtained by actual fraud. It is undisputed that she obtained the purchase price, she obtained the money. That's never been disputed. But she incurred the debt by vicarious liability, and it's the debt that she's trying to discharge under the statute. Yeah, but what the statutory test is focusing on is what was the means for obtaining the money. The answer to that is fraud. That's been undisputed. And then the question is, is she liable for the fraud? And the answer to that is actually yes on both the front end and the back end. First, it covers any debt, and debt is defined to mean liability. If I could just pause before I lose the train of thought. Obtained from the debtor, right? That's the obtained you're talking about. Right. Well, that wasn't her. That was her business partner. He's the one who obtained the money. The reason she's liable is because of vicarious liability. No, well, on the obtaining, I think one of the reasons there's no argument in this case about the obtaining element that's never been disputed in the case is that we bought the house from both of them. They were both on the title to the house, so they both obtained the money. The partnership obtained the money. She also obtained the money. Well, just because it's the first time doesn't mean it's still not an argument. And the argument is, yes, I understand the notion of a business partnership, but to the extent we're talking about why this individual is liable, it's because of the business partnership. It's not because she did anything. Her husband did do something. And I understand the idea that under state law she's on the hook for the debt because of vicarious liability, not because of any fraud that she's responsible for. Yeah, they got the money, what I'm saying. So I take the point about vicarious liability. I think, again, my main reaction, just first response is the text. It doesn't differentiate between vicarious and direct liability. It says any liability. It says obtained. It's any liability, any debt for money to be sent obtained by actual fraud. And so I think the text gets you a long way there. I mean, I think it actually gets you all the way there. I think another important response, I think, underlying some of these concerns is about this. It's getting at this sense of the fresh start policy. And, you know, petitioner starts the argument with the fresh start policy. But the code is this court has recognized on numerous occasions balances multiple competing interests. And this entire statute, the whole thing, all of the exceptions in 523A are exceptions to fresh start policy where specific creditors, a specific category of debt is protected. And I think the only way to understand what is it that is really covered is to just focus on the statutory text. And the way this court paraphrased it in Cohen is the same way, I think, frankly, that it reads on its own. And it also gets you to the same place you already got in Strang. And so I think there's a lot here to support that just ordinary plain meaning of the term. If I say John's house was obtained by fraud, what do you understand that to mean? That fraud was the means through which the house was obtained. By whom? I think in that sense it doesn't indicate. It doesn't matter. Well, if I just say that, aren't you going to understand me to be saying that it was John who obtained the house by fraud? Not that somebody who obtained the house in 1885 when Strang was decided obtained it by fraud. And after that time it's had a whole chain of owners and John is only the latest one. You might think that John obtained the house, but it doesn't require that through the fraud, but it doesn't skip over past obtained to the fraud element, which is what Petitioner really needs it to do. What I'm getting at is that you are relying on a semantic reading of this language. And, you know, I think you're right. But in context it could mean something very different. And I don't know how much we can get from context because when I look at all the provisions that have been cited, some talk about the better, some don't talk about the better, it looks more haphazard than a pattern from which we can infer very much. No? I agree that it is haphazard and I think the right way to move forward with the haphazard is to stick to the text. Maybe point to sort of two other things. One is A-19 for securities fraud. It picks up common law securities fraud and Petitioner admits that that picks up vicarious liability. It's not clear why you would want to treat those differently. And then again, as per Field v. Manns, I think this is actually a really important point. This is a provision that is targeted at a common law tort fraud. This Court has recognized that actual fraud picks up the soil of the common law with it when Congress is speaking that way. And agency law and vicarious liability is an age-old bedrock way of proving up fraud that is recognized in all 50 states. Do we have to look at something else to find as a basis for the vicarious liability? Well, we would if the statutory language is not dispositive. We would have to look someplace else. In which case, you don't care about whether anybody would be vicariously liable under any other body of law. We have to look to some other body of law, right? I think, yeah, you would normally look to state law vicarious liability. Although, as for these, I think it's undisputed that on these partnership agency principles, the vicarious liability is uniform. Well, what if the particular state has some very far-reaching and esoteric and sui generis principle of vicarious liability, then what? I think then that comes back to the answers to the hypotheticals earlier and the right way to understand what the statute is getting at. The weighty decision when a state is going to attach an idiosyncratic vicarious liability rule is the imposition of liability in the first place. That is much bigger and most of the time is entered into without a bankruptcy on the horizon, right? Nine times out of ten, there's not going to be a bankruptcy on the horizon, maybe more. And I think really the right way to understand the statute is to get out of the way of whatever state law remedies are available to victims of fraud. Whereas what petitioners would do, and this I think is very important, is would cut off a practical remedy that is critical for victims of fraud in many cases. Anytime you have a fraudster who has disappeared, dissipated the assets, transferred them to somebody else like in Husky, then what the victim needs to do to get compensated is basically to follow the money and follow the liability to the people around the fraudster who are liable for the fraud to the victim. And petitioner would interpose through that with a novel and I think maybe shocking rule of vicarious liability that even if you know, the liability chain gets cut off. And I think there's a good reason why the states have uniformly rejected that. But your rule is even if you don't know. And this idea of once there's liability, the statute gets out of the way. Well, there's always going to be liability because there wouldn't be a debt unless there had been liability. So there really isn't a limit. I mean, there's a debt, there's liability. And I think what Ms. Harris was suggesting was that even though a literal reading of the statute would not give you the fact that this has to be something that the debtor herself was responsible for, the underlying notions of culpability that we typically think of when we think of the bankruptcy code would suggest that result. There may be two responses to that. So one is I think she is culpable under this very basic sense that it is actually her fraud. She stood to benefit from it. In partnership law forever, it has been that the bidder comes with the sweep, not heads I win, tails you lose. So I think that's a basic response to the concerns about culpability. And I guess also, as I was saying earlier, there is also the second check that it needs to be the liability for the fraudulent obtaining of money. There is a causal link that is required in the statute. And here it's easy because this is liability for fraud itself. We proved up all the elements of fraud. And maybe that's something you could explore in a future case, but it's not here today. Thank you, Counsel. I have just one question that really is out of curiosity. Why did the trial in this case take 19 days? I'm not sure I have a great way to answer that other than to say that it was quite difficult. There were a number of different problems with the house. There was conflicting testimony from Petitioner's business partner. And so I guess I don't have a fulsome answer to that question. Well, I'm sure it's not your fault, but that's an awfully high expenditure of the funds of the federal judiciary for this. Justice Thomas, anything further? Just out of curiosity, in what sense is she a partner? So we had findings from the court on California partnership law proving up the partnership. So you need to have, they're in the JA at 42. You need to have the co-owners of the business sharing in profits, losses, management, and control. And so we had findings on that. And as the case comes to the court, they affirmatively waived in the cert petition any challenge to any piece of that. Was this a business, or were they just joint tenants? No, no, no. The finding in the lower courts was that this was a business, and it was operated as a business to share profits as a business. Justice Sotomayor? Mr. Kagan? Mr. Kavanaugh? Justice Jackson? Okay. Thank you, counsel. Ms. Ross? Thank you, Mr. Chief Justice, and may it please the court. The plain text of Section 523A2A bars discharge of petitioner's debt to respondent. That debt is, in the words of the statute, a debt for money obtained by actual fraud. As relevant here, a debt in bankruptcy is simply an enforceable obligation under state law. And under longstanding state principles of agency law, petitioner is liable, that is, she owes a debt, for money obtained by the actual fraud that her business partner committed in the scope of their partnership. Now, Congress could have displaced that rule in bankruptcy and required, as petitioner urges, that the debtor herself personally commit the fraud. But nothing in the text suggests that result. And following this court's decision in Strang that partners could not discharge a debt created by the fraud of their partner, Congress eliminated the only language in the statute that might have suggested petitioner's rule. Finally, petitioner's reliance on a grab bag of other provisions added at different times and addressing different debts cannot reverse engineer a personal commission requirement into this one. I welcome the court's question. Ms. Ross, could you just comment? You heard the various hypotheticals about trying to find the limit to your respondent's theory that you apparently share. Would you spend a few minutes on that, what the limit is? Certainly, Justice Thomas. Is Justice Thomas liable for my fraud? Justice Thomas probably isn't liable. And I think the reason is, I was going to give sort of, I think there are two buckets of hypotheticals. There's sort of the bucket of hypotheticals where you have two transactions, and we're talking about the second transaction. There's fraud in the first transaction. And then, just like in the Justice Thomas hypothetical, we're now in the second transaction that didn't involve any fraud, and we're trying to figure it out. I think, as my friend mentioned, you know, some of this court's language, the arising from, doesn't give a ton of content to what the actual causal requirement is, but I think we would be perfectly comfortable sort of, in a future case that actually raised that type of hypothetical, asking, you know, is this really the causation that Congress meant when it talked about obtain? I think the answer might well be no, but again, that's not in this case. The second bucket of hypotheticals, I think, is when you have sort of the victim of fraud, and I think in a lot of those hypotheticals, state law is going to deal with that on the front end, because state law isn't going to hold that person liable. So, I'm thinking, for example, of, you know, somebody who's defrauded, and then, because of the fraud, they themselves owe the debt. They're not, they're going to be able to rescind that debt, I believe, most times under state law. They may have a contribution action. State law is going to deal with it on the front end. Well, I'm sorry, you said somebody's, could you say that again? Sure. So, maybe I'm sort of sticking my toe someplace I don't want to be here, but there are sort of, you can imagine, really, situations in which there's fraud, you know, in a different sense, in that the victim of the fraud is the one who now owes the debt, because, you know, it's credit card fraud or something, and I think. Well, I'd describe her as a victim of the fraud right now. So, I don't think that that's how either state partnership law or Congress has chosen to think about this, and I think that makes sense. Again, you know, I think petitioner's rule would permit, or at least her rule as I currently understand it, would permit someone to go into business with a known fraudster, know about the fraud, pocket the money, spend the money, dissipate all of her assets, go into bankruptcy, and then turn around and say to the entirely innocent creditor, sorry, I'm in bankruptcy now, you're out of luck. I thought I understood your friend on the other side to not go that far. So, I think she's attempting not to go that far. I think the problem is that there are basically two possible rules here. One is the new or should have known standard that she had in the petition, and that she abandoned when she got to the merit stage, and, you know, I don't want to speak for her. I have to assume that's because there's nothing in the text of the statute that actually says new or should have known. So, now we have her new rule, and her new rule on page three of her reply brief, I think, is very clear that the question is whether the debtor committed the fraud, and just knowing about fraud under basic concepts of liability is not committing the fraud. So, she needs something more. So, she, I think, is trying to get sort of an aiding and abetting concept, where somebody would be directly liable for the fraud. But, you know, that's going to leave on the table a number of cases where you know about the fraud, you just sort of haven't done anything yourself to push it forward. And in that situation, I'm just wondering, so the government's position is vicarious liability, or we don't even need that, we're just interpreting this to say she's wrong about it having to be the debtor's fraud? And as I explored with Respondent's Counsel, my thought is, isn't it narrower to say, even assuming she's right about it needing to be the debtor's fraud, that at least carries with it vicarious liability through Strang and Field and whatever else, and so that's all we're saying here. We're not reaching, you know, Justice Thomas or Justice Sotomayor's concerns about saying it's anyone's fraud. Certainly, Justice Jackson. So, you know, I think the way that we would think about this is if you take the Strang view, which is what I take you to have just articulated, and you limit it to this provision, because of course it's elusively clear everybody agrees that Strang was about the predecessor to this provision, then I think that is narrow. I guess what I would say is that you don't even need to get there, because if you just look at the plain text of the statute, there is just – to pick up on state law determinations about who is liable for fraud and not to then ask, you know, to what extent, why were they liable, et cetera. Ms. Ross, I want to throw you back where your toe was stuck earlier, and I just want to make sure I understand it. I got your answer to the first bucket of hypotheticals, as you call it. Tell me more about the second. Already regretting it, but sure, here I go. So I think that in the second bucket of hypotheticals, you could sort of construct a situation in which I'm defrauded, and the result of my being defrauded is that I owe a debt, and that debt was obtained by – is for money that was obtained by fraud in some sense. But I think state law is not going to actually hold me liable for that debt because I was defrauded in the first place, and so I'm going to be able to rescind that transaction. I got it. Thank you. Okay. My other set of questions concerned the question Justice Barrett posed to your friend a moment ago about B and C, which say that, you know, loosely, B says that it's non-dischargeable if an individual debtor misrepresents his or her financial circumstances in writing. And the second one says luxury goods, the individual debtor goes on a shopping spree 90 days before bankruptcy. Can't discharge those either. In what world does it make sense, or how does the government rationalize those provisions which focus on the individual debtor with this one, which the government says does not? Certainly, Justice Forsuch. So if I could just take them each in turn. B, as my friend mentioned, is a carve-out from A, so we're necessarily in a world where Congress wanted to make it easier to discharge those debts, so there are more things that you have to prove. So in B, for example, as Justice Barrett pointed out, you need to have a writing. Nobody thinks that because there's a writing requirement in B, there's a writing requirement in A. That's just not what Congress wrote. Let me just push back there. If Congress was concerned with if the policy judgment were proceeds in fraud, regardless who committed them, should be non-dischargeable, those debts, right? I can see that policy argument. That's rational. I can also see a rational argument that it's got to be the individual debtors. And so when I'm stuck between two rational policy arguments, as a judge, it doesn't do much for me, right? That's across the street. But here you do have a suggestion that a misrepresentation in writing about your financial condition by your partner would not be a problem and could be dischargeable. Or if I bought luxury goods for my friends or my partners, those debts would be dischargeable. So the two policy judgments seem to me to be tugging at each other here. I could understand one or the other, but it's very hard for me to understand a little bit of this and a little bit of that. Certainly, Justice Gorsuch. So, of course, the first thing I would say is that normally we look at the text, not trying to figure out what Congress is thinking about. And I think the inference runs exactly in our favor and exactly counter to my friend's point that, you know, because it's in B and C, you have to sort of read it into A. But give me a rational explanation. So the rational explanation on B is that the particular practice actually was written statements where financial services companies would have a consumer say, you know, it would say, please list all your debts. But then they'd say, no, no, just list one. That's okay. And so they were sort of duping people into making that kind of a misrepresentation. That's why we have the writing requirement, I think. And I think it's rational for Congress to say, we think this is a really bad thing that these companies are doing. And so we're going to limit sort of the ripple effects. If they kind of get away with it somehow, we're just going to limit it. We're just not going to go any further. On C, I think similarly, Congress there was creating a presumption of fraud. So things that fall within C, the shopping spree, are presumptively fraudulent for purposes of A. You know, I think you could read that either way, allowing imputation or not. But even if you think it doesn't, I think it's entirely rational for Congress to have focused a presumption on people who know themselves that they're about to go into bankruptcy. Very helpful. Thank you. The best way to deal with Justice Barrett and Justice Gorsuch's views that it means that those provisions mean the debtor is to say something like, the debtor's fraud is what's at issue. But it includes the alter ego of the debtor, such as partners and agents of the debtor. I think that's certainly one way that you could deal with it. Because that's what Strang and Fields did, isn't it? I think that's right. I mean, I think what I would say about Strang in particular is that, you know, I can understand my friend's reticence to sort of read of the debtor in all over the code or to say that wherever that's in the code that that would necessarily require imputation. I don't think the court needs to cross that bridge here. I think it's very clear that when Congress was responding to Strang, you know, that was in the 1867 statute, the fraud of the bankrupt language. It had already been repealed by the time Strang came to this court. The next bankruptcy statute was in 1898, and what Congress did was it kept fraud, but it took out of the bankrupt. And so I think at least when we're thinking about this provision, it's very clear that Congress, of course, has never sort of reinserted of the bankrupt. My friend notes that, you know, it's changed from bankrupt to individual debtor. I'm not sure where that gets her because it also hasn't said of the individual debtor. So yes, I mean, that's a long-winded way of saying yes. I think that you could certainly limit it to that understanding. Do you think Ms. Harris is right that this is all kind of like an accident? You know, that you take the bankruptcy code as a whole and you say whether it says of the debtor, whether it doesn't say of the debtor, Congress was careless, Congress wasn't thinking about it, it means nothing. Now, even if she's right about that, she might still lose because the text is the text. But I'm just wondering whether you think that that's right, that this is basically carelessness. So I guess I'd make a couple of questions. Excuse me, a couple of points, Justice Kagan. The first is that I don't think it's carelessness writ large. I think there may be individual instances where maybe, you know, in her two drunk driver ones, like you can't make sense of it. I don't think you should say that because there are a couple of those that the whole statute makes no sense, and that's particularly true in a statute like this one where we know that Congress has added. I mean, there are 19 exceptions in 523A. They've been added over the course of 100 years, often in statutes that have nothing to do with bankruptcy itself. So I don't think you can say that, you know, the whole thing, you've got to sort of throw out this idea of trying to make sense of it because of a couple of anomalies. And I think least of any place where you would say that is HUA because we have this history of string where it looks very clear what Congress is doing. We also have this background rule that is, you know, runs throughout partnership in all 50 states, through the common law, through both Neal, or excuse me, string and its discussion of Neal, that partners are liable for the frauds of their partners. And so, you know, to the extent that Congress may have been unclear elsewhere, I just don't think that can get you away from the clear meaning and the clear history of this provision. I guess if I can make one more point about something you said earlier, Justice Kagan, about sort of the innocent debtor and how we think about the purpose of this statute as a whole. One, you know, I think it's difficult given this colloquy that we've just been having about how much change and how these provisions have been added at different times. But two, you know, I don't think it's true that because there's sort of a sense of giving a debtor a fresh start as a general policy matter, that's necessarily come through each and every provision. Obviously, these are all exceptions to discharge, but even beyond that, you know, there are a number of them that just sort of say nothing about innocence or faults to begin with. And I think Congress could very rationally here have decided, as this court explained in Cohen, that what we want here is full compensation from the creditor, and given the background rules of partnership, that this gets you closer to that end. Thank you, Counselor Justice Thomas. Justice Alito, anything further? Thank you. Rebuttal, Ms. Harris? Thank you, Mr. Chief Justice. Three quick points. First of all is with respect to the text. One unexplained aspect of the other side's textual reading is what on earth Congress was doing when it used specific language throughout the exceptions in 523 to refer to debts for various judgments and why Congress was not there deliberately trying to say, in those instances alone, we are indifferent to whether the debt reflects vicarious liability or not. We're just saying you have a judgment against you. It's for fraud against a fiduciary that meets certain specifications. That has to mean something. And that is how Congress posed in the world after 1867 and certainly in 1978 appears to have been dealing with that problem. So if you want to live by the text, I think they have to die by the text in that respect because I haven't heard a response to why Congress had chosen that careful language. And a number of the Court's cases do say that the judgment language matters. First, it says bankruptcy court's hands off. You defer to that judgment. Second point is with respect to the other side's theories. I don't see a stopping point with respect to the vicarious liability theory. Even if you take seriously the idea that vicarious liability could only get written whenever Congress used the word fraud, it still doesn't appear to matter if Congress uses the word debtor. And the 727 total bars to discharge, the ones that don't let you discharge any of your debts, even if they're unrelated, a lot of those are also about fraud. So the vicarious liability theory seems to get you to a pretty uncomfortable place because no one has ever before thought that the bankruptcy code is a minefield of vicarious liability just whenever it mentions a common law term. As for the state law theory, I think I heard the other side suggest that you take whatever state law is to the point where Neal v. Clark might be wrongly decided because you can be liable for fraud without culpable intent under a lot of state laws. You certainly cannot be barred from discharging fraud unless you have fraudulent intent. That's been the law for over a century. And the idea that you're just sort of having state law components that you defer to in bankruptcy is contrary to the idea that, no, you start off from bankruptcy with a debt that exists under state law, and the point of bankruptcy is to get rid of that debt as a matter of federal law. And that's why cases from Brown v. Felson onwards have said these discharge exceptions are questions of federal law. You look to federal law rules. You are not trying to say whatever state law governs, including fanciful state laws. And then just a final point with respect to the equities here. The fraudster, to be very clear, is always on the hook. That person can never discharge the debt in bankruptcy. All we are talking about here is whether the person who did not know of the fraud wasn't participating in it can also be on the hook forever for a lifelong debt. And so when we talk about cases like Cohen or cases like Bullock, the thread that runs underneath them is the idea that the whole reason you get the strong medicine of not getting a discharge under the federal bankruptcy rules where the norm is discharge is that you yourself are culpable. That's what Bullock is talking about when it talks about the exceptions all linked by fault, and that's also what Cohen is talking about when it's saying the reason why you can be liable for debt for anything arising from that fraud, including travel damages, including all kinds of stuff, is because you set the fraud in motion. It's reasonable to hold you accountable for the consequences of that fraud on that basis because they're the foreseeable result of your culpable behavior. That really does not carry over to the individual debtor in this case who, again, committed no fraud herself. And we ask the court to reverse. Thank you, counsel. The case is submitted.